IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FERNANDO GONZALEZ-BARRERA | ) | CASE NO. 4:09CV1806 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| CORRECTIONS CORPORATION OF | ) | MEMORANDUM OF OPINION |
| AMERICA, *et al.* | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On August 4, 2009, plaintiff *pro se* Fernando Gonzalez-Barrera filed this action against private prison officials pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, alleging that they were deliberately indifferent to his serious medical needs.

**Facts**

Plaintiff is incarcerated in a private prison located in Youngstown, Ohio. As an institution housing state prisoners, there is no doubt that it is acting under color of law for purposes of 42 U.S.C. § 1983. Plaintiff alleges that he has suffered severe pain in the upper part of his right leg for the last ten months. Defendants prescribed only pain relief pills such as Tylenol and Ibuprofen. Plaintiff states that he had an x-ray which revealed that "a small metallic foreign body is within the proximal medial soft tissue of the thigh." Plaintiff alleges that he cannot walk normally, exercise or participate in activities of daily living, and that he has requested surgery to remove the object. He further asserts that he has exhausted the required grievance procedure.

**Analysis**

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)*(citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). "Pro se plaintiffs are not automatically entitled to take every case to trial." *Price v. Caruso*, 451 F.Supp.2d 889, 893 (E. D. Mich. 2006*)*(quoting *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir.1996)). For the following reasons, the Court finds the claim asserted in this action satisfies these criterion in part.

The defendants are Corrections Corporations of America, the private prison, Aiad Toss, the prison doctor, Daniel Hall, the doctor's assistant, Dana Orenic, the health services administrator, and R. Rushing, the warden. With the exception of the warden and the health services administrator, the complaint appears to allege participation in deliberate indifference to Plaintiff's medical needs. However, liability of the warden and the health services administrator under § 1983 cannot "be based solely on the right to control employees, or 'simple awareness of employees' misconduct.'" *Hussein v. City of Perrysburg,* 535 F.Supp.2d 862, 873 (N.D. Ohio 2008)(quoting *McQueen v. Beecher Community Schools,* 433 F.3d 460, 470 (6th Cir. 2006) (internal citations omitted). The Sixth Circuit held in *Hays v. Jefferson County, Kentucky,* 668 F.2d 869, 874 (6th Cir. 1982), that a supervisor must have at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct. Also, a failure to supervise, control or train an individual is not actionable "unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999).

The complaint merely states that the warden was legally responsible for the operation of the correctional institution and the welfare of all inmates. Therefore, the complaint does not state a cause of action against him.  Accordingly, the complaint against R. Rushing is DISMISSED.

Plaintiff alleges that the health services administrator was at all times relevant to the complaint. There is no indication that she participated in any decisions concerning the plaintiff. Therefore, Dana Orenic will also be dismissed as a party.

Cruel and unusual punishment in violation of the Eighth Amendment occurs when prison officials are deliberately indifferent to the serious medical needs of prisoners. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). Mere negligence or malpractice is insufficient to establish an Eighth Amendment violation.  *Bowman, v. Corrections Corp. of America*,  350 F.3d 537, 544 (citing *Estelle,* 429 U.S. at 106 n. 14). In order to be found liable, a prison official must know of and disregard an excessive risk to inmate health or safety.  "The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Ford v. County of Grand Traverse,* 535 F.3d 483, 495 (6th Cir. 2008)(quoting *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). Further, the inmate must have a sufficiently serious medical need such that he is "incarcerated under conditions posing a substantial risk of serious harm." *Blackmore v. Kalamazoo County,* 390 F.3d 890, 895 (6th Cir. 2004). He must also must show "that the prison official possessed a 'sufficiently culpable state of mind....' Deliberate indifference requires a degree of culpability greater than mere negligence, but less than 'acts or omissions for the very purpose of causing harm or with knowledge that harm will result.'" *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005)(quoting *Farmer,* 511 U.S. at 834-35).

In *White v. Correctional Medical Services*, 2009 WL 529082 * 4 (W.D. Mich. Mar. 2, 2009),

the plaintiff requested transfer to a medical facility where arrangements could be made to remove surgically implanted screws in his leg. He presented no medical evidence stating that he needed surgery. The court held that defendants' refusal to transfer him or perform surgery on him did not constitute a reckless disregard for a substantial risk of human harm. *Id*.

In the present case, the object in plaintiff's leg was not surgically implanted. It may constitute a serious risk to his health. Defendants knew of his complaints of pain and must have known that he obtained an x-ray. Accordingly, he has alleged sufficient facts to allow his case to continue at this time.

## Conclusion

Defendants R. Rusher and Dana Orenic are dismissed from this action pursuant to 28 U.S.C. § 1915(e), and the court certifies that an appeal from their dismissal could not be taken in good faith.[1] As to the remaining defendants, Corrections Corporations of America, Aiad Toss, and Daniel Hall, the Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process. The Clerk's Office shall include a copy of this order in the documents to be served upon defendants Corrections Corporation of America, Toss and Hall.

IT IS SO ORDERED.

Date: October 8, 2009         */s/ John R. Adams*
                              JUDGE JOHN R. ADAMS
                              UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a) (3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.