UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Fernando Gonzalez-Barrera, | ) | Case No. 4:09CV1806 |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| vs. | ) | [Resolves Doc. 7] |
| Corrections Corporation of America, et al., | ) | |
| Defendants. | ) | MEMORANDUM OF OPINION |

This matter is before the Court upon a motion to dismiss filed by Defendants Corrections Corporation of America ("CCA"), Aiad Toss, and Daniel Hall. Plaintiff Fernando Gonzalez-Barrera responded in opposition to the motion on November 16, 2009. For the following reasons, the motion is GRANTED and the complaint is DISMISSED.

## I. Procedural Background

On August 4, 2009, Plaintiff filed suit against numerous defendants, alleging deliberate indifference to his medical needs. Specifically, Plaintiff alleged that he has suffered severe pain in the upper part of his right leg for the last ten months. Defendants prescribed only pain relief pills such as Tylenol and Ibuprofen. Plaintiff stated that he received an X-ray that revealed that "a small metallic foreign body is within the proximal medial soft tissue of the thigh." Plaintiff alleged that he cannot walk normally, exercise or participate in activities of daily living, and that he has requested surgery to remove the object. On October 8, 2009, this Court dismissed two of the defendants, R. Rushing and Dana Orenic.

On November 5, 2009, the remaining defendants moved to dismiss the claims against them. Defendants assert that Plaintiff's complaint fails to state a claim because assuming the facts to be true he cannot satisfy the subjective component of his deliberate indifference claim. Plaintiff responded in opposition, and the matter now appears before the Court.

## II. Legal Standard

With respect to 12(b)(6) motions to dismiss, The Sixth Circuit stated in *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Id. (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 127 S.Ct. at 1969.

*Id*. at 548.

Moreover, if an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id*. Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id*. Specifically, the complaint must contain "either direct or

inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

## III. Legal Analysis

### A. Deliberate Indifference

In his sole claim, Plaintiff claims that Defendants were deliberately indifferent to his medical needs. The Eighth Amendment protects prison inmates against deliberate indifference to their serious medical needs, regardless of how that deliberate indifference is evidenced. *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). The Sixth Circuit has repeatedly discussed the standard applied to claims such as that raised by Williams.

> In order to hold a prison official liable for an Eighth Amendment violation, a plaintiff must demonstrate that the official acted with deliberate indifference to the inmate's safety. Deliberate indifference is comprised of both an objective and a subjective component. The objective component requires that the deprivation alleged be sufficiently serious, while the subjective component requires a plaintiff to establish that the government officials had a sufficiently culpable state of mind.
>
> To establish the subjective component, the plaintiff must establish that the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Cardinal v. Metrish*, 564 F.3d 794, 801-02 (2009) (citations, quotations, and alterations omitted).

Defendants do not challenge at this juncture that the complaint's allegations satisfy the objective component required for a deliberate indifference claim. However, upon review by the Court, there is no question that Plaintiff has failed to satisfy the subjective component of his claim. The subjective component requires that Plaintiff demonstrate the prison staff's awareness

of "facts from which the inference could be drawn that a substantial risk of serious harm exist[ed.]" *Id.* at 837. Williams can satisfy this burden through facts and inferences drawn from circumstantial evidence. *Id.* at 842. Furthermore, this Court can find subjective knowledge based on the obviousness of the risk. *Id.*

The Court notes that the subjective component of its analysis exists "to prevent the constitutionalization of medical malpractice claims[.]" *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). Accordingly, negligence in diagnosing and treating a medical condition does not constitute unconstitutional deliberate indifference. *See Sanderfer v. Nichols*, 62 F.3d 151, 154 (6th Cir. 1995). Similarly, a prison doctor who provides careless or ineffective treatment may have engaged in medical malpractice, but cannot be found to be unconstitutionally deliberately indifferent. *Comstock*, 273 F.3d at 703. "If a prison official knew of a risk to inmate health or safety, and reasonably responded to the risk, that official is free from liability, even if he failed ultimately to prevent harm." *Bertl v. City of Westland*, 2009 WL 247907 at *5 (6th Cir. Feb. 2, 2009) (citing *Farmer*, 511 U.S. at 844). Accordingly, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

In his complaint, Plaintiff alleges that he had "severe and excessive pain in his upper part of his right leg[.] Doc 1 at 6. Plaintiff admits that he was seen in sick call for this complaint and was provided Tylenol and Ibuprofen. In an apparent follow-up to his pain complaints, Plaintiff was scheduled for and received an X-ray examination of his leg. According to Plaintiff, the X-ray revealed that a small metallic object was lodged in the soft tissue of his thigh. Plaintiff requested that he be sent to a specialist to remove the metallic object, but he was never seen by a

specialist. Later in his complaint, Plaintiff seems to allege that some other ailment caused him to black out. As a result, Plaintiff was admitted to an observation room and provided medication. There is nothing to suggest that this black out ailment persisted in any manner after treatment.

Construing Plaintiff's *pro se* filing in a liberal manner and giving the complaint the strongest arguments that it could suggest does not save this matter from dismissal. "[D]eliberate indifference requires more than mere negligence or medical malpractice." *Broyles v. Correctional Medical Srvs., Inc.*, No. 08-1638, 2009 WL 3154241, at *2 (6th Cir. Jan. 23, 2009) (citing *Ford v. Cty. of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008)). Plaintiff's complaint acknowledges that he has received treatment for each of his alleged maladies. His current complaint is little more than his own subjective disagreement with the course of treatment chosen by the prison officials. In reaching its conclusion, the Court finds the following to be persuasive:

> Plaintiff alleges that [Defendants] gave him the wrong medications, misdiagnosed his systemic lupus erythematosus as a fungus or skin infection, and should have referred him to a specialist. (Am.Compl., ¶¶ 48, 49). Plaintiff's allegations that these three treating medical professionals "should have" provided him with "different" medical care and referred him to someone with greater specialization in a particular area are at best, state-law malpractice claims. Plaintiff's disagreement with defendants' diagnosis and treatment falls far short of supporting an Eighth Amendment claim.

*Barney v. Correctional Medical Srvs., Inc.*, 2009 WL 3711612, at *10 (W.D.Mich. Nov. 3, 2009). Similar to the plaintiff in *Barney*, Plaintiff has done little other than allege that he should have been referred to a specialist and that he subjectively believes that his medications were not strong enough for his medical condition. Assuming the strongest possible inferences from Plaintiff's complaint, he has at best pleaded facts that would support simple negligence, i.e., medical malpractice. Accordingly, his deliberate indifference claim must be dismissed.

**IV. Conclusion**

Based upon the reasons stated herein, Defendants' motion to dismiss is GRANTED. The complaint is hereby DISMISSED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

IT IS SO ORDERED.

_November 19, 2009_________
Date

__*/s/ John R. Adams*________________
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE